IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                                                     Criminal No.  2:01cr20-4

JOSHUA CRITES,
                    Defendant.

## <u>ORDER/OPINION</u>

On the 5th day of September 2006, came the defendant, Joshua Crites,  in person and by his

counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney,

Shawn Angus Morgan, pursuant to a Petition for Warrant or Summons for Offender Under

supervision filed in this case on August 15, 2006, alleging:

1)      <u>Violation of  Special Condition: The defendant shall be placed on home confinement for a
        period of 3 months, to commence upon installation of telephone service.  During this time,
        the defendant shall remain at his place of residence except for employment and other
        activities approved in advance by the Probation Officer.  The defendant shall maintain a
        telephone at his place of residence without any special services, modems, answering
        machines or cordless telephones for the above period.  The defendant shall wear an
        electronic device and shall observe the rules specified by the Probation Office.  The United
        States Probation office will bear the costs of the monitoring.</u>  The defendant left his
        residence without the permission of the Probation Officer on or about July 8, 2006.  He left
        at approximately 12:57 am and returned at approximately 1:25 am. The defendant reportedly
        sought medical treatment at a local emergency room, however, he has yet to submit
        supporting documentation.

        The Government moved to withdraw this violation prior to the hearing.  The Court granted
the Motion to Withdraw.

2)      <u>Violation of  Special Condition: The defendant shall be placed on home confinement for a
        period of 3 months, to commence upon installation of telephone service.  During this time,
        the defendant shall remain at his place of residence except for employment and other
        activities approved in advance by the Probation Officer.  The defendant shall maintain a
        telephone at his place of residence without any special services, modems, answering
        machines or cordless telephones for the above period.  The defendant shall wear an
        electronic device and shall observe the rules specified by the Probation Office. The United
        States Probation office will bear the costs of the monitoring</u>.  The defendant left his
        residence without the permission of the Probation Officer on or about August 2, 2006, at

approximately 11:26 pm. He did not return until approximately 2:04 am on August 3, 2006.

3)      <u>Violation of Special Condition: The defendant shall be placed on home confinement for a period of 3 months, to commence upon installation of telephone service. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the Probation Officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines or cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Office. The United States Probation office will bear the costs of the monitoring.</u> The defendant left his residence without the permission of the Probation Officer on or about August 13, 2006. He left and returned approximately five times during his curfew. He first left at 12:18 and last returned at 5:32 am.

4)      <u>Violation of Special Condition: The defendant shall participate in a program of testing, counseling and treatment for alcohol and drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.</u> The Probation Officer made an unannounced home inspection on or about August 3, 2006, to address home confinement violations. The defendant was instructed to provide a urine sample for drug testing. The defendant failed to comply. He advised he could not provide a sample at that time. This officer then instructed him to report tho the U.S. Probation Office on August 4, 2006. The defendant failed to report as directed.

5)      <u>Violation of Special Condition: the defendant shall participate in a program of testing, counseling, and treatment for alcohol and drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.</u> The defendant failed to report for drug testing on June 29, 2006.

The defendant's Probation Officer further noted he had filed four previous non-compliance summaries: 1) April 28, 2004, positive test for cocaine; 2) Failure to report for scheduled drug screens on October 16, 20, and 23, 2004; 3) Positive test for marijuana on September 26, 2005; and 4) failure to report for drug testing on February 24, 2006 and testing positive for cocaine on March 3, 2006.

Following the March 3, 2006, violation, the Probation Officer filed a 12B requesting a modification of Defendant's conditions of release to include three months of home confinement with electronic monitoring and no use or possession of alcohol. The Court ordered the requested

modifications. The defendant was placed on active home confinement with electronic monitoring on May 31, 2006.[1]

Prior to the taking of evidence, counsel for Defendant waived the preliminary hearing, conceding probable cause existed to forward this revocation matter to Chief United States District Judge Irene M. Keeley for hearing and disposition.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in 2) through 5) of the Petition for Warrant or Summons for Offender Under Supervision filed August 15, 2006.

Defendant, through counsel, requested an opportunity to be heard regarding his explanation for the alleged violations and his request for release pending hearing before Judge Keeley. The United States objected to Defendant's release. The Court heard the testimony of United States Probation Officer Vincent Zummo and counsel's arguments. Counsel for Defendant stated that Defendant explained he was absent from home confinement late 8/2/2006 until early 8/3/2006, because he had received information that his roommate, Josh McLaughlin, had been in an accident in a rental car. Defendant explained he had walked to the hospital, but then found out Mr. McLaughlin had not been in an accident. Defendant had left a voice mail late 8/2/2006, to notify the Probation Officer that he was leaving and why.

Defendant stated he had left home confinement without permission on August 13, 2006, because his roommate had thrown his clothes out, and Defendant was forced to spend the night at a nearby trailer.

---

[1] It was during this three- month period that all the violations alleged in 1 through 5 occurred.

In addition, Defendant stated, through counsel, that he had a job painting rental properties for James Juliani, a job he had for the past four months. He had become full-time about 1 ½ months earlier, and had work to last at least through mid-October. He also had a place to live, underwent drug counseling with Jack Torsney about twice a month, and underwent random drug testing approximately twice per month.

The United States Probation Officer testified that he had received a voice mail from Defendant approximately 11:00 p.m. on August 2, 2006. He followed up by going to Defendant's residence the next morning, where he was surprised when Defendant's roommate, Mr. McLaughlin, opened the door. The Probation Officer advised Mr. McLaughlin that Defendant had told him he (McLaughlin) had been in an automobile accident he night before. Mr. McLaughlin laughed and told the Probation Officer that he had been home all night, and wished Defendant had advised him of the excuse before he talked to the Probation Officer. The Probation Officer believed Defendant had lied to him about his explanation for being out of the residence on August 2 to 3rd. The Probation Officer did confirm that Defendant was working as a painter, but had not known the job was full time, and testified that Defendant had changed jobs several times before then. He also confirmed that Defendant was seeing Jack Torsney and was undergoing random drug testing by Leonard Campbell.

The Probation Officer testified that he offered the home confinement with electronic monitoring to Defendant in March 2006, in lieu of seeking revocation for Defendant's positive drug test. At the time of the positive drug test, Defendant was in drug counseling with Jack Torsney.

Upon consideration of all which, the undersigned United States Magistrate Judge finds by a preponderance of the evidence that:

1) Defendant lied to his Probation Officer regarding his explanation for being absent from home confinement from late August 2 until early August 3rd, 2006;

2) Defendant had two such out-of-home violations since being placed on home confinement;

3) Home confinement was instituted in March 2006, as a "stop-gap" measure, as an alternative to the Probation Officer seeking revocation at that time due to a positive drug screen; and

4) Defendant was already in drug counseling with Jack Torsney at the time he failed the drug screen that resulted in his being placed on home confinement.

Defendant's request for release pending hearing before Judge Keeley is **DENIED**.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violations alleged in 2) through 5) of the Petition for Warrant or Summons for Offender Under Supervision filed August 15, 2006.

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings herein.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: September 5, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE