IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal No. 2:01cr20-4

JOSHUA CRITES,
        Defendant.

## ORDER/OPINION

On the 19th day of March 2007, came the defendant, Joshua Crites, in person and by his counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, Shawn Angus Morgan, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on March 2, 2007, alleging that Defendant violated the Special Condition of his Conditions of Supervised Release requiring he serve three months of community confinement at Bannum Place of Clarksburg. The defendant's Probation Officer stated the basis for the alleged violation as follows:

> The defendant returned to Bannum on or about February 24, 2007, and tested positive for alcohol via a preliminary test. This test registered a .026. The defendant denied the use of alcohol, but admitted to using cough syrup while at work. This is a direct violation of Bannum rules in that the defendant is prohibited from using any alcohol based cold/flu medication . . . .

The defendant's Probation Officer further noted in his Petition that he had filed five previous non-compliance summaries: 1) April 28, 2004, positive test for cocaine; 2) Failure to report for scheduled drug screens on October 16, 20, and 23, 2004; 3) Positive test for marijuana on September 26, 2005; 4) Failure to report for drug testing on February 24, 2006 and testing positive for cocaine on March 3, 2006; 5) Violation of home confinement by leaving without approval on August 2 and 13, 2006; failure to submit a urine sample on August 3, 2006; failure to report for drug testing June

1

29, 2006; and failure to report to the Probation Officer on August 4, 2006; 6) Positive test for alcohol on or about November 27, 2006; and 7) Positive test via preliminary test for alcohol on or about February 10, 2007.

Officer Zummo further noted in his Petition that, following the March 3, 2006, violation, he filed a 12B requesting a modification of Defendant's conditions of release to include three months of home confinement with electronic monitoring and no use or possession of alcohol. The Court ordered the requested modifications. The defendant was placed on active home confinement with electronic monitoring on May 31, 2006.[1]

Following his arrest on the violations alleged in 5 above, the defendant admitted those violations. The Court further modified Defendant's conditions, placing him at Bannum Place of Clarksburg in lieu of revocation.

Following his arrest on the violation alleged in 6 above, the Court extended Defendant's three year term of supervised release and ordered him to remain at Bannum for an additional three months in response to the violation.

Following his arrest on the violation alleged in 7 above, the confirmation test for alcohol was returned negative and that pending petition was dismissed.

The Court heard the testimony of United States Probation Officer Vincent T. Zummo. Officer Zummo testified as to the grounds for the alleged violations. Additionally, the United States offered into evidence, and the Court admitted the results of a urinalysis from the date of the positive Breathalyzer field test. That confirmation test was returned negative for alcohol. Officer Zummo

---

[1] It was during this three- month period that all the violations alleged in 1 through 5 occurred.

testified, however, that the results also indicated dilution, which, in his experience was usually caused by drinking large amounts of water prior to testing.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release by violating Bannum Place rules by testing positive for alcohol on February 24, 2007, as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed in this case on March 2, 2007.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violations alleged in the Petition for Warrant or Summons for Offender Under Supervision filed in this case on March 2, 2007.

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this order to counsel of record.

DATED: March 20, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE